

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Lauren E. Perry*
*Special Assistant United States Attorney*
*Lauren.Perry@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4839*
*MAIN: 410-209-4800*
*FAX: 410-962-0716*

August 4, 2016

Lisa Lunt, Esq.
Assistant Federal Public Defender
Office of the Federal Public Defender
100 South Charles Street, 9th Floor
Baltimore, Maryland 21201

> Re:   Plea Agreement in the Case of <u>United States v. Ruben Uy Lim</u>
> Criminal No. GLR-15-0619

Dear Ms. Lunt:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by **August 26, 2016**, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

1.     The Defendant agrees to plead guilty to Count One of the Indictment now pending against him, which charges him with Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offense

2.     The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

a.     On or about the date listed in the Indictment, the Defendant knowingly received a visual depiction;

b.     The depiction was shipped or transported in and affecting interstate or foreign commerce by any means, including computer;

c.     Producing the visual depiction involved using a minor engaged in sexually explicit conduct;

        d.      The depiction is of a minor engaged in sexually explicit conduct; and

        e.      The Defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

Penalties

3.      The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: imprisonment for not less than five (5) years and not more than twenty (20) years, followed by a term of supervised release of not less than five (5) years and not more than life and a fine of up to $250,000. In addition, the Defendant must pay $100.00 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664. If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

4.      The Defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

Waiver of Rights

5.      The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

        a.      If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

        b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have had the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have had the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have had to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

        c.      If the Defendant went to trial, the government would have had the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right

2

to confront and cross-examine the government's witnesses. The Defendant would not have had to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

        d.     The Defendant would have had the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

        e.     If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal a verdict and the Court's decisions.

        f.     By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

        g.     If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

        h.     By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

6.     The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

Factual and Advisory Guidelines Stipulation

7.     This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto, which this Office would prove beyond a reasonable doubt, and to the following applicable Sentencing Guidelines factors:

a.     **Base Offense Level:** The base offense level is twenty-two (22) pursuant to U.S.S.G. §2G2.2(a)(2).

b.     **Receipt:** Pursuant to U.S.S.G. §2G2.2(b)(1), the offense is decreased by two (2) levels because the defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor.

c.     **Minors under Twelve:** Pursuant to U.S.S.G. §2G2.2(b)(2), there is a two (2) level increase because the depictions involved prepubescent minors or minors under the age of twelve (12).

d.     **Use of a Computer:** Pursuant to U.S.S.G. §2G2.2(b)(6), there is a two (2) level increase because the distribution involved the use of a computer.

e.     **More than 600 Images:** Pursuant to U.S.S.G. §2G2.2(b)(7)(D), there is a five (5) level increase because the number of images involved in the offense and its relevant conduct is more than 600.

f.     **Pattern of Activity:** Pursuant to §2G2.2(b)(5), there is a five (5) level increase because the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor.

g.     This Office does not oppose a 2-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose any adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

## Accordingly, the final adjusted offense level is 31.

8.     The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

9.     This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors,

4

potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

## Rule 11(c)(1)(C) Plea

10.     The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of **120 months** of imprisonment in the custody of the Attorney General and **twenty (20) years** of supervised release is the appropriate disposition of this case. This agreement does not affect the Court's discretion to impose any or fine or to set any lawful conditions of probation or supervised release.  In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

## Obligations of the Parties

11.     At the time of sentencing, the parties will request that the Court sentence the Defendant to a sentence of **120 months** imprisonment and twenty (20) years of supervised release. After the sentence is imposed, this Office will move to dismiss the open counts of the Indictment pending against the Defendant.

12.     The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including conduct involved in the counts of the Indictment that this Office has agreed to dismiss after the sentence is imposed.

## Waiver of Appeal

13.     In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a.     The Defendant knowingly waives his rights, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction.

b.     If the Court accepts the plea agreement and imposes a sentence of **120 months** imprisonment, the Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

c.     Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

5

d.    The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Forfeiture

14.    The Defendant agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from his residence on November 17, 2015 and further agrees to take whatever steps are necessary to pass clear title to those properties to the United States, including, but not limited to:

   a.  Western Digital Caviar SE hard Drive, serial number WCAL72413632
   b.  Sony Handycam HD video camera, model HDR-CX7, serial number 346644
   c.  Sony Handycam HD video camera, model HDR-CX7, serial number 340886
   d.  Sony Handycam HD video camera, model HDR-CX7 with IR Pass Filter, serial number 321744
   e.  Sony Handycam Vision Hi8 video camera, serial number 1067293
   f.  Sony Handycam Vision Hi8 video camera, serial number 192023

15.    The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

## Waiver of Further Review of Forfeiture

16.    The Defendant further agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant also agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this agreement, and will not assist any third party with regard to such challenge or review or with regard to the filing of a petition for remission of forfeiture.

## Restitution

17.    Under 18 U.S.C. §§ 3663A, 2259, and 3771, any identified victim is entitled to mandatory restitution. The restitution could include the medical bills, compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected. 18 U.S.C. §§ 2259, 3663A(b)(2) and (4). The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its

obligations under this agreement. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program.

## Obstruction or Other Violations of Law

18.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw his guilty plea or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

19.     The Defendant expressly understands that the Court is not a party to this agreement. The Defendant understands that the Court is under no obligation to accept this plea offer made pursuant to Rule 11(c)(1)(C). The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Entire Agreement

20.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Lauren E. Perry
Special Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

 8/9/16
_____          _____
Date                                              Ruben Uy Lim

I am Ruben Uy Lim's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

 8/9/16
_____          _____
Date                                              Lisa Lunt, Esq.

8

## ATTACHMENT A –
### Stipulated Facts

*If this matter had proceeded to trial, the Government would have proven the following beyond a reasonable doubt. The Defendant agrees that the following facts do not encompass all of the facts that would have been proven had this matter proceeded to trial.*

**RUBEN UY LIM** ("**LIM**"), age 53, is a resident of Parkville, Maryland.

On or about November 17, 2015, Baltimore County Police Detectives executed a search warrant at **LIM's** residence and located numerous electronic devices, including a Western Digital hard drive. The hard drive was forensically examined. The hard drive contained numerous images of child pornography including video files that were recovered from a recycle bin and depicted prepubescent girls engaged in sexual acts. The videos recovered included, among others, the following file:

> **T-87701504-pthc Pedoland Frifam 2010 Tara Masturbating-8 Or 9Yo Girl – Real Orgasm!.mpg**: depicting a naked prepubescent female sitting in a chair with her legs spread and knees bent and inserting a pink dildo into her vagina.

These video files were downloaded by **LIM** from the internet, a facility of interstate and foreign commerce, using the file sharing software, Frostwire, which was also found on **LIM's** computer.

The forensic examination of the hard drive further revealed that **LIM** used internet search terms such as "pthc," "stolen pedo," "Lolita," "11yo girl masturbating" and other related terms to the search for child pornography on his computer.

Law enforcement officers also recovered six video cameras and several compact discs ("CDs") in a storage space located near the computer inside **LIM's** residence. The CDs contained hundreds of homemade videos taken at swim meets, on beaches and at waterparks. The videos dated back to 2004. **LIM** took the videos using an IR Pass Filter, a filter that he attached to the camera's lens, which allowed the camera to see through certain fabrics including bathing suits. **LIM** filmed underage females, including both middle school and high school aged girls, in such a way that their nipples, breasts, navels, pubic hair, and vaginal areas were visible in the recordings. In the majority of the videos, **LIM** zoomed in and focused on the pubic area of the female swimmers. **LIM** recorded the breast and genital area of hundreds of minor females in this fashion. **LIM** referred to the lens as an "X-Ray lens."

On November 17, 2015, **LIM** knowingly and voluntarily agreed to an interview by law enforcement inside his home in Parkville, Maryland. **LIM** admitted to taking the videos and to traveling around the country to film swim meets. **LIM** said that he attended the swim meets for the sole purpose of recording children with the X-Ray lens as described above.

**LIM** admitted that he knew that the swimmers were middle school and

high school children. **LIM** further admitted to downloading and searching for child pornography using the internet and his computer.

* * *

I have reviewed the foregoing statement of facts with my attorney, understand it, agree with it, and do not wish to change any part of it. I further understand that it is included as part of my plea agreement with the government in this case.

___8/9/16___
Date

_____
Ruben Uy Lim

I am Ruben Uy Lim's attorney.  I have carefully reviewed the statement of facts with him.

___8/9/16___
Date

_____
Lisa Lunt, Esq.

2